David L. Glickman, J.
Petitioner moves for an order compelling arbitration of the controversy described in the moving papers and directing that such arbitration proceed forthwith. As to that aspect of the motion seeking arbitration, it appears that respondent is in accord therewith and hence no problem is presented. The real issue before the court deals with the request of petitioner that such arbitration proceed ‘6 forthwith ’ ’; that is to say, that it have priority or preference over other matters presently on the arbitration agenda or calendar. Respondent points out that some 15 earlier controverted issues have been scheduled for arbitration hearings, some pending as much as four years and affecting over 465 employees, and respondent insists that the subject of the instant application should be reached and heard on the arbitration agenda in its regular order following the disposition of the 15 pending cases.
Reasonable as respondent’s contention appears to be, petitioner urges that in this case time is of the essence and that delays in proceeding with the arbitration, such as would occur if the controversy had to await its turn, would render any determination academic and valueless. To properly weigh this argument, it is necessary to consider the nature of the controversy.
Under the terms of the current collective bargaining agreement entered into between the parties, it is provided that employees shall receive certain stipulated paid vacations *280 (§ 12.2). It is further provided that all vacations shall he taken before December 31 of the current year (§ 12.4). A vacation year is defined as commencing on June 1 and terminating on May 31 of each calendar year (§ 12.1).
It appears that a number of the employees, eligible for vacations, have refrained from taking such vacations prior to December 31, 1963, despite respondent’s expressed willingness to allow the employees to do so. Petitioner has demanded of respondent that said employees be compelled to take their vacations prior to December 31, 1963, asserting that the pertinent provision of the agreement above referred to is mandatory in its intent. Respondent disagrees as to the purport of such provision, contending that the provision is for the benefit of respondent and that respondent is and has been willing to extend the December 31 deadline to May 31, 1964, as petitioner is allegedly aware. This conflict as to the interpretation of the December 31 provision of the agreement is the reason for the proposed arbitration.
As has been indicated, respondent has not refused to arbitrate as requested by petitioner, and is willing to proceed therewith but not in the precipitate fashion sought by petitioner. However, in light of the fact that December 31,1963 is less than five weeks away, the anxiety of petitioner and its desire for a speedy hearing is understandable.
The question now presented is whether or not this court may exercise such control over the arbitration agenda as to direct an immediate hearing before the arbitrator, thus preferring the issue involved over all other pending matters. Respondent maintains that the court has no jurisdiction to so direct. Petitioner, on the other hand, contends that the equity powers of the court are sufficiently broad to permit the relief sought to be granted. The collective bargaining agreement dealing with the subject of arbitration (art. 31) offers no assistance on this question, being completely silent as to priorities in hearings. Subdivision (a) of section 7503 of the Civil Practice Law and Rules refers only to the power of the court to compel arbitration where arbitration has been properly provided for but one side refuses to arbitrate. Such is not the case here for both sides have expressed their willingness to arbitrate. It is apparent, however, that the purpose of arbitration is not only to afford a facile means for the determination of a dispute, but also to accelerate such determination and avoid the delay encountered when a plenary suit is instituted. The intent that arbitration be the subject of prompt action is evident from the language of subdivision (a) of section 7503 of the Civil Practice Law and *281 Rules which states that any question concerning the propriety of arbitration raised before the court ‘ ‘ shall be tried forthwith in said court ’ In the judgment of this court, implicit in the power given to the court to compel arbitration is and must he the right to direct that such arbitration proceed promptly, particularly where the existing circumstances dictate the need for prompt action. The court finds that such circumstances exist here.
Accordingly, petitioner’s application is granted and the matter in controversy is directed to be placed at the head of the arbitration agenda to be heard prior to any matters presently pending thereon. The issue shall be heard before arbitrator Stockman, unless the parties mutually agree otherwise. As a condition for granting petitioner’s application, petitioner shall he required to waive any and all continuing liability on the part of the respondent with respect to all prior matters awaiting arbitration for the period necessarily occupied in hearing and determining the issue which has been granted priority hereunder.